**JUNE E., Petitioner,**

v.

**DOMINICK E., Respondent.**

Family Court of Delaware, New Castle County.

Submitted Oct. 10, 1984.

Decided Oct. 22, 1984.

John K. Welch, Deputy Atty. Gen., Wilmington, for petitioner.

Andrew D. Rahaim, Wilmington, for respondent.

WAKEFIELD, Judge.

On October 14, 1983, petitioner filed a support petition seeking support of a child, Jeffrey Earvase, born October 23, 1969. The matter was apparently scheduled for mediation at which time the respondent asserted non-paternity as a defense. Blood tests were ordered and, under date of December 15, 1983, the blood test report without reservation of any kind, excluded the respondent and stated "the alleged father cannot be the biological father of the child." Thereafter, the mother obtained the services of counsel for the Bureau of Child Support Enforcement who takes the position that, irrespective of the blood test results, the doctrine of equitable estoppel should be applied and respondent should be found to be a "parent" within the meaning of 13 *Del.C.* Chapter 7. Respondent asserts that under the newly-enacted Uniform Parentage Act, specifically 13 *Del.C.* § 810(h), a mandatory dismissal of the action must follow when blood tests exclude the alleged father. Petitioner asserts that the doctrine of equitable estoppel prevents the Respondent from denying paternity.

For purposes of this decision, and although no evidence has been introduced as yet, the Court will assume the accuracy of the statement of facts set forth in the memorandum of law submitted by counsel for the mother.

██ I will not review the line of cases involving the doctrine of equitable estoppel as it has been applied in the State of Delaware. Suffice to say, until the enactment of the Uniform Parentage Act referred to above, where the facts of the case warranted application of the doctrine, it has been applied. The question involved here is not whether such a doctrine existed previously but whether the provisions of the Uniform Parentage Act have legislatively overruled the doctrine. I hold that the doctrine of equitable estoppel is no longer applicable in view of the provisions of the Uniform Parentage Act, and I further rule that the provisions of § 810(h) thereof mandate the dismissal of a support action brought by

the mother where blood tests exclude the respondent as being the biological father of a child irrespective of the course of conduct towards the child during his lifetime.

Prior to the enactment of the Uniform Parentage Act, the statute was silent on the definition of "parent" which was left to judicial interpretation. The Courts of this State held that "parent" was not necessarily limited to a biological parent. In various cases in which equitable or collateral estoppel was involved, the Courts have held that, under certain defined circumstances, when a person who is not the biological parent acts over a period of time as if he were a parent, he can be held to be a parent whether he is the biological father or not.

In addition, in the case of *Petitioner F. v. Respondent R.*, Del.Supr., 430 A.2d 1075 (1981), prior to the enactment of the Uniform Parentage Act, the Delaware Supreme Court held that, where the mother was married and cohabiting with her husband at the time of the conception and birth of the child, and where her husband acknowledged paternity of the child, he was the "legal" father under the law and no other person had standing to assert paternity against him. That holding is now in serious question in view of the provisions of the Uniform Parentage Act which states in § 801 that the "parent and child relationship shall mean the legal relationship existing between a child and his natural or adoptive parents ..." and the provisions of § 803 which provide that the parent-child relationship between a child and "... the natural father may be established in accordance with provisions of this chapter." § 805 of the Act goes on to provide that any interested party including "a man alleged or alleging himself to be the father" may bring a paternity action "at any time for the purpose of determining the existence or non-existence of the father-and-child relationship with respect to any child."

The whole thrust of the Uniform Parentage Act would seem to point to the conclusion that the child can have only two kinds of parents, biological parents and adoptive parents. While that philosophy may fly in the face of the philosophy set forth in *Petitioner F., supra,* unless and until the Delaware Supreme Court holds otherwise, I believe that I must follow the legislative mandate set forth in § 810(h) to dismiss the action whenever the blood test results exclude the alleged father as is the case here. The petition for support will, therefore, be dismissed since blood tests have conclusively excluded the respondent as being the father of the child in question.